UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 04-22582-CIV-HOEVELER/KLEIN

BARBARA MIGENES,

    Plaintiff,

v.

TROPICAL SUPERMARKET
CORPORATION, a Florida
corporation,

    Defendant.
_____/

## DEFENDANT'S MOTION FOR SANCTIONS FOR FILING AND CONTINUING TO PROSECUTE A COMPLAINT CONTAINING MATERIAL FALSE ALLEGATIONS WITH INCORPORATED MEMORANDUM OF LAW

    Defendant, TROPICAL SUPERMARKET CORPORATION (hereinafter "Tropical"), through its counsel, Law Offices of Carmen Rodriguez, P.A., and pursuant to Fed. R. Civ. P. 11 and 28 U.S.C. §1927, hereby files its Motion for Sanctions for Filing and Continuing to Prosecute a Complaint Containing Material False Allegations with Incorporated Memorandum of Law, and in support thereof, states as follows:

    1.   Plaintiff filed this employment discrimination claim alleging sexual harassment, retaliation, and negligent supervision. Defendant recently deposed Plaintiff during which Defendant discovered that Plaintiff's testimony is contrary to the material factual allegations in the Complaint. Thus, Plaintiff's Complaint contains knowingly false and material allegations for the purpose of attempting to maintain baseless claims unsupported by the applicable law. Accordingly, Plaintiff's fabricated allegations should be stricken from the Complaint and warrants other serious sanctions.



2. Notwithstanding written notice from Defendant regarding the material conflict between the Complaint and Plaintiff's deposition testimony, Plaintiff continues to pursue these claims. Plaintiff has failed to amend the complaint and strike allegations as clearly requested. Plaintiff's counsel, at a minimum, had a duty to interview his client and review documents in Plaintiff's possession before asserting baseless and, ultimately, false allegations. Accordingly, Plaintiff and her counsel should be sanctioned for filing and continuing to prosecute a Complaint, which contains serious knowingly false allegations.

3. Pursuant to Local Rule 7.1(A)(3), Defendant's counsel certifies that she has made reasonable efforts to resolve these issues, in good faith, by advising Plaintiff's counsel in writing on May 12th and May 17th, but Plaintiff has failed to respond.

WHEREFORE, Defendant respectfully requests that its Motion for Sanctions for Material False Allegations be granted and that attorney's fees as well as costs incurred be awarded to Defendant pursuant to 28 U.S.C. §1927 or under Rule 11, Fed. R. Civ. P., and other applicable provisions.

### Preliminary Statement

This is an employment discrimination case wherein Plaintiff's Complaint raises claims for sexual harassment, retaliation, and negligent supervision. Specifically, Plaintiff alleges that she was subjected to sexual harassment by a supervisor from the commencement of employment with Defendant and continuing. Complaint ¶¶10, 11, and 12. The Complaint alleges that "Plaintiff reported the harassment on various occasions to Mr. Eduardo Carballo, the Store Manager." Complaint ¶11. However, "Mr. Carballo failed to take effective remedial action because, in his words, Mr. Caceres was 'bringing profit to the store.'" Complaint ¶11. Instead, "[a]fter Plaintiff

2

complained, the harassment continued and her complaints actually made things worse." Complaint ¶11. Finally, "[a]fter months of complaining and continuing to endure harassment and retaliation for her complaints, in March 2001, Plaintiff was transferred to another store." Complaint ¶12. Ultimately, Plaintiff's Complaint claims that she was constructively discharged and stopped working in May of 2001. Complaint ¶12.

Soon after the Complaint was filed, Defendant deposed Plaintiff on April 25, 2005. <u>In direct contradiction to the Complaint's allegations,</u> Plaintiff testified that <u>within an hour</u> of her complaining to Store Manager, Mr. Carballo, the alleged harassment stopped. <u>See</u> Deposition of Plaintiff (hereinafter "P. Depo.") p. 35-39 and 54, filed simultaneously herewith. Plaintiff testified that when she began her employment with Defendant, Mr. Carballo advised her to come to him if she had any problems. P. Depo. p. 18-19 and 54. Moreover, based on Plaintiff's deposition testimony she continued her work without incident under Mr. Carballo. P. Depo. p. 39-40. Thus, the detailed aggregating account of harassment concocted in paragraphs 10 through 12 of the Complaint is <u>FALSE</u>.

In addition, Plaintiff testified that the alleged harassment by her supervisor allegedly began again <u>after</u> Mr. Carballo transferred to another store <u>months</u> later. However, Plaintiff <u>never</u> reported any new alleged incidents of harassment to Defendant's new Store Manager or any one else in management even though they could have resolved Plaintiff's alleged complaints of harassment. P. Depo. p. 23-24, 39-43, and 52-53. Further, Plaintiff never reported any new acts of harassment to Defendant's store manager until the day she walked off the job. P. Depo. p. 48-55.

Prior to filing this action and being deposed, Plaintiff also made the same false statements as found in the Complaint to the Miami-Dade County Equal Opportunity Board (hereinafter

3

"MDCEOB") and Equal Employment Opportunity Commission (hereinafter "EEOC"). In fact, in reviewing the EEOC file, Defendant notes that the same false allegations contained in the Complaint were represented by Plaintiff to both the MDCEOB and the EEOC to falsely and fraudulently obtain a cause determination. Thus, Plaintiff's deposition testimony confirmed that serious material allegations, made in explicit detail in the Complaint and represented to the EEOC, were <u>patently</u> and <u>knowingly</u> false.

Subsequent to Plaintiff's deposition, and hearing nothing from Plaintiff on these glaring discrepancies, Defendant's counsel immediately put Plaintiff's counsel on notice of the material misrepresentations in the Complaint and demanded that the allegations be corrected either by dismissal or amendment consistent with the applicable law. Plaintiff has failed to take any action as required.

### **Memorandum of Law**

It is well established that "an attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and veraciously may be required by the Court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. §1927; <u>Norelus v. Denny's Inc.</u>, No. 94CV2680, 2000 WL 33541630, at *9-10 (S.D. Fla. March 21, 2000). Notably, "[i]f evidence becomes known that is contrary to the asserted claim, or if it becomes clear that the claim is baseless, attorneys have an <u>obligation to seek voluntary dismissal</u>. <u>Norelus</u>, 2000 WL 33541630, at *10 (citation omitted) (emphasis added). "Section 1927 fees may be awarded in cases lacking in credibility from the outset, such as when an attorney fails to investigate adequately or properly the allegations contained in the complaint." <u>Id</u>. at *10 (citing <u>Sullivan v. School Bd. of Pinellas County</u>,

773 F.2d 1182, 1189 (11th Cir. 1985)).

In addition to 28 U.S.C. §1927, the Eleventh Circuit has held that Rule 11 Sanctions are warranted when a party files a pleading that has no factual basis. Didie v. Howes, 988 F.2d 1097 (11th Cir. 1993); Gelles v. Skrotsky, 15 F. Supp. 2d 1293, 1294 (M.D. Fla. 1998). In assessing Rule 11 sanctions, the Court first determines whether a party's claims are objectively frivolous in view of the facts or law and then if they are, whether the person who signed the pleading should have been aware that they were frivolous; i.e., whether he would have been aware had he made a reasonable inquiry. Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998); Jones v. Int'l. Riding Helmets, Ltd., 49 F.3d 692, 694 (11th Cir. 1995).

This is precisely the case here as Plaintiff's sexual harassment and negligent supervision claims as raised in the Complaint lack any factual basis whatsoever. Specifically, Plaintiff's factual allegations in the Complaint are entirely inconsistent with Plaintiff's deposition testimony that once she complained to Defendant's store manager Mr. Carballo, the harassment ceased and after Mr. Carballo left she never complained again to any of Defendant's managers concerning alleged subsequent acts of harassment until she simply walked off the job. P. Depo. p. 23-24, 35-43, and 48-54. It is well-established law that to maintain a sexual harassment claim, Plaintiff must demonstrate a *prima facie* case by establishing the following:

1. Plaintiff is a member of the protected group;

2. Plaintiff was the subject of unwelcome sexual harassment;

3. The harassment occurred because of the Plaintiff's sex;

4. The harassment affected a "term, condition, or privilege" of Plaintiff's employment; and

> 5. The employer is liable because the *employer knew, or should have known, of the harassment and failed to take remedial action.*

Sparks v. Pilot Freight Carriers, Inc., 830 F.2d 1554, 1557-58 (11th Cir. 1987) (emphasis added); Mendoza v. Borden, Inc., 195 F.3d 1238, 1245 (11th Cir. 1999) (en banc); Cromer v. Crowder, No. 01-14368-CIV-Moore, 2003 WL 21731284, at *5 (S.D. Fla. July 17, 2003); Scelta v. Delicatessen Support Serv., Inc., 89 F. Supp. 2d 1311,1317 (M.D. Fla. 2000). Similarly, a claim for negligent supervision under Florida law occurs "when, during the course of employment, the employer becomes aware of problems with an employee that indicates his unfitness, and the employer fails to take further action on such as investigation, discharge or reassignment." See Matthews v. City of Gulfport, 72 F. Supp. 2d 1328, 1340 (M.D. Fla. 1999); Goodstein v. Gunther Motor Co., No. 95-6678, 1996 WL 903950, at *13 (S.D. Fla. Sept. 12, 1996). Consistent with Plaintiff's admission that once she complained to Defendant all harassment stopped, Plaintiff's claims for sex harassment (Counts I and II) and negligent supervision (Count V) fail as a matter of law.

Plaintiff's own deposition testimony contradicts her allegations in the Complaint that the Defendant failed to take prompt remedial action. Generally, to prove *respondeat superior* in a hostile work environment sexual harassment case, the plaintiff must demonstrate that the employer knew or should have known of the harassment <u>and failed to take prompt action to remedy the violation</u>. Sparks, 830 F.2d at 1557-58; Scelta, 89 F. Supp. 2d at 1317. Plaintiff testified at her deposition that:

> 1. Upon being hired, Defendant's Store Manager, Mr. Carballo, advised her to come to him if she had any problems. P. Depo. p. 18-19 and 54.
>
> 2. Within two weeks of being hired, Plaintiff allegedly was sexually harassed by her supervisor Mr. Caceres. P. Depo. p. 21.

6

3. Plaintiff complained to Mr. Carballo about the alleged harassment by Mr. Caceres. P. Depo. p. 35-38.

4. Within an hour of reporting the alleged harassment to Mr. Carballo, Mr. Carballo spoke to Mr. Caceres and threatened to terminate him if he did not stop. P. Depo. p. 38-39 and 54.

5. After Mr. Carballo spoke with Mr. Caceres, the alleged harassment ceased. P. Depo. p. 38-39 and 54. Plaintiff continued working without incident under Mr. Carballo. P. Depo. p. 39-40.

6. Subsequent to Mr. Carballo being transferred to another store months later, the alleged harassment by Mr. Caceres began again. P. Depo. p. 40.

7. However, Plaintiff never reported any new acts of alleged harassment to any of Defendant's store manager until the day she walked off the job. P. Depo. 23-24, 39-43, 48-51, and 54-55.

In direct conflict with Plaintiff's deposition testimony, Plaintiff's Complaint states that Plaintiff reported the alleged harassment on various occasions to Mr. Carballo, but he failed to take effective remedial action. Complaint ¶11. Rather, Plaintiff claims that her complaints actually made things worse and the harassment continued. Complaint ¶11. However, Plaintiff's deposition does not support any of these allegations. Indeed the allegations needed to maintain her claims of sexual harassment are entirely inconsistent with Plaintiff's deposition testimony. Therefore, based upon her testimony that the harassment stopped when she complained and, subsequently, never complained again to any of Defendant's managers regarding any alleged harassment, Plaintiff cannot allege all the necessary elements for her harassment and negligent supervision claims.

Even if Plaintiff could craft her deposition testimony into a cognizable claim, she is on notice that her Complaint contains material (and elaborate) factual allegations that are <u>false</u>. Those allegations should never have been included. That they have failed to be corrected is fraud and sanctionable.

Besides Plaintiff's contradictory testimony, Plaintiff's Complaint contains allegations that were not substantiated by Plaintiff's deposition testimony. For example, in paragraph 10 of the Complaint, Plaintiff alleges that Mr. Caceres would sexually harass Plaintiff by telling her "I am the rooster of the hen house and all the hens had to sleep with me." In fact, Plaintiff testified Mr. Caceres never referenced sleeping with him but that as a "grown woman" that is what she "assumed" he was after. P. Depo. p. 35-36. Plaintiff further alleged that at one point Plaintiff had to call the police because Mr. Caceres had tried to force her into his car. Complaint ¶10. Although given ample opportunity during her deposition, Plaintiff did not substantiate any of these specific allegations of harassment as alleged in the Complaint. P. Depo. P. 73.

### Conclusion

In sum, Plaintiff's own deposition establishes not just that her allegations in the Complaint are baseless, but that they are knowingly false. Plaintiff's counsel had a duty to interview his client and review those documents in Plaintiff's possession before filing the Complaint. Even more, Defendant has notified Plaintiff concerning these knowingly false allegations, but has received no response. Rather, Plaintiff has since noticed eight more depositions in this matter. Notably, "[w]hen an attorney is on notice that a claim is without merit but continues to prosecute nonetheless, the attorney acts in bad faith and risks sanctions." Norelus, 2000 WL 33541630, at *10 (finding that "[a]ttorneys are not only responsible for investigating the claims of a lawsuit prior to filing, but have a continuing obligation throughout the pendency of the action"). As such, Plaintiff and her counsel should be sanctioned for filing a Complaint which contains material false allegations. For the reasons stated herein, Plaintiff's fabricated allegations of sexual harassment and negligent supervision must be stricken and Defendant be awarded attorneys fees and costs incurred pursuant to 28 U.S.C. §1927 and Rule 11, Fed. R. Civ. P. as well as other applicable provisions.

Law Offices of Carmen Rodriguez, P.A.<br>
9245 S.W. 157 Street, Suite 209<br>
Miami, Florida 33157<br>
Ph: (305) 254-6101<br>
Fx: (305) 254-6048<br>
<br>
_____<br>
Carmen Rodriguez<br>
Florida Bar No. 710385

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was furnished to Martin E. Leach, Esquire, Feiler, Leach & McCarron, P.L., 901 Ponce de Leon Blvd., Penthouse, Coral Gables, Florida 33134, via U. S. Mail, first class postage attached thereto, on this 15 day of June, 2005.

_____
Carmen Rodriguez

9